IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL ANTHONY MILLER,        )<br>                                                            )<br>               Petitioner,             )<br>                                                            )<br>     vs.                                               )<br>                                                            )<br>MATTHEW CATES, et al.,            )<br>                                                            )<br>               Respondents.         )<br>_____ ) | No. C 10-5746 LHK (PR)<br><br>ORDER GRANTING MOTION TO<br>RE-OPEN; ORDER OF<br>TRANSFER |

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 31, 2011, the Court dismissed this action for failing to file a completed application for leave to proceed *in forma pauperis* ("IFP") and closed the file. On January 24, 2012, Petitioner filed a motion to present and file late claims, which the Court construed as a motion to re-open. On April 27, 2012, the Court directed Petitioner to either file a completed IFP application, or pay the $5.00 filing fee within thirty days. On May 21, 2012, Petitioner paid the $5.00 filing fee, and filed a motion to proceed IFP.

Petitioner's motion to re-open this action is GRANTED. Petitioner's application to proceed IFP is DENIED as moot.

A review of Petitioner's petition for writ of habeas corpus shows that Petitioner is seeking relief from his underlying criminal conviction from the Superior Court of Tulare County, which lies in the Eastern District of California. Venue for a habeas action is proper in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); however, petitions

Order Granting Motion to Re-Open; Order of Transfer
G:\PRO-SE\SJ.LHK\HC.10\Miller746trans.wpd

1 challenging a conviction or sentence are preferably heard in the district of conviction.  *See*
2 Habeas L.R. 2254-3(a); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).  Here, the
3 Eastern District of California is the district of conviction.  Accordingly, this case is
4 TRANSFERRED to the United States District Court for the Eastern District of California.  *See*
5 28 U.S.C. § 1404(a).  The Clerk shall transfer the entire file to the Eastern District of California.

6     IT IS SO ORDERED.
7 DATED: __5/30/12__
    LUCY H. KOH
8     United States District Judge